QUESTIONS: 1. Would any of the land designated for cemetery development, on which the charter has been granted; improvements used in cemetery operation (i.e. burial services buildings, buildings used to store equipment and/or tools, monuments used for decorative purposes such as statues and crosses); improvements used in cemetery promotion; or tangible personal property used in cemetery operation of a private religious-oriented and a private nonprofit cemetery where the state of Florida has granted a charter for cemetery operation qualify for exemption? 2. Do the above exemptions also apply for statechartered commercial cemeteries; after cemetery lots have been leased or after burial has taken place on the lots, would these lots then qualify for exemption; and would mausoleum or burial vaults qualify for exemption either on construction or after being put to use?
SUMMARY: Exemption from ad valorem property taxes may be granted, upon compliance with conditions provided in Ch. 196, F.S., for properties of a chartered nonprofit cemetery or a house of public worship owned cemetery, including land and improvements and tangible personal property used in conjunction therewith to the extent of the statutory 30- acre minimum when applicable or to such other extent as may be reasonably necessary for early future cemetery use. Such properties of a commercial cemetery are taxable. Question 1 is answered in the affirmative and question 2 in the negative, assuming that only properties owned by chartered cemeteries are in question (and when use by others is contemplated, that only a transfer of contractual interests and not the fee in lots or other property would be transferred by the cemetery operator), since the questions not directed to exemption for property of any party not so chartered, and specific facts as to ownership and use would be necessary to consider exemption claims by other parties. I assume further that your inquiry as to religious-oriented cemeteries refers to "house of public worship owned burial grounds" within s. 196.011(2), F.S., and that the numerous other pertinent exemption conditions of Ch. 196, F.S., are met for all exemption claims. Property used more than 50 percent for certain purposes defined by statute is now exempt from ad valorem property taxes to the extent of such use. Section196.192, F.S. In implementation of Art. VII, s. 3, State Const., s. 196.012(1) defines exempt use to include "religious, charitable or governmental use, as defined in this chapter." No definition of religious use is provided other than in s. 196.011, infra, but one of the defined statutory exemptions covers charitable purposes as follows: . . . a function or service which is of such a community service that its discontinuance could result in the allocation of public funds for the continuance of the function of service. [Section 196.012(6), F.S.] At the time this exemption standard was adopted by Ch. 71-133, Laws of Florida, numerous specific provisions were repealed, including s. 192.06(4), F.S. 1969, which had exempted burying grounds "not held for speculative purposes." (Cf. ss. 196.196(3) and 196.195, F.S., as to similar exclusion of profit-making purposes.) The repeal of that provision as a part of general exemption revision does not in my opinion indicate any intent to preclude exemption of otherwise qualified nonprofit cemeteries under the charitable purpose definition, supra. Present statutes recognize at least implicitly that discontinuance of private cemetery operations could result in public expenditure for continuance of the function. (Section 559.481(3), F.S.; and s. 125.01(1)(e), F.S., replacing s. 125.44, F.S. 1969, subject to s. 3(2) of Ch. 71-14, Laws of Florida.) In addition, as to church cemeteries, s. 196.011(2), F.S., provides expressly that "[i]t shall not be necessary to make annual application for exemption on . . . house of public worship owned burial grounds and tombs, other such property not rented or hired out for other than religious or educational purposes at any time. . . ." Section 196.193, F.S., provides: (1)(a) All property exempted from the annual application requirement of s. 196.011
shall be returned, but shall be granted tax exemption by the tax assessor. However, no such property shall be exempt which is rented or hired out for other than religious, educational or other exempt purposes at any time. (b) The tax assessor may deny exemption to property claimed by religious organizations to be used for any of the purposes set out in s. 196.011 if the use is not clear or if the tax assessor determines that the property is being held for speculative purposes or that it is being rented or hired out for other than religious or educational purposes. Cf. AGO 060-108. These provisions, construed together, express an intent that house of public worship owned burial grounds and tombs shall be entitled to exemption when other statutory conditions are met. Cf. AGO 074-130. Section 559.31, F.S., excludes church-owned cemeteries from application of the provisions of that chapter, except when contracts with other entities are involved under terms of s. 559.32(6). In the event your reference to religious-oriented cemeteries contemplates property other than burial grounds specified in s. 196.011(2), or property otherwise meeting requirements for nonprofit cemeteries covered by charitable use standards, supra, a more specific inquiry will of course be in order. I would conclude further as to land of a chartered nonprofit cemetery, you may upon compliance with statutory standards find that an exempt charitable use requirement is met to the extent such land is within the mandatory minimum 30 acres required by s. 559.481, F.S., as a condition to issuance of maintenance of a cemetery charter, or to the further extent that it meets the conditions of good faith need for early future use, as set out in previous AGO 054-143, Biennial Report of the Attorney General, 1953-1954, p. 214:1. "An exemption of cemeteries from taxation will apply to lands acquired and set apart for burial purposes and either actually in use therefor or intended to be so used, provided, in the latter case, some active measures have been taken to prepare the ground for use as a cemetery, but will not apply to lands not used or reasonably intended to the specified purposes." (84 C.J.S. 599, s. 292). "The setting aside of any acreage for cemetery purposes, whether commercial or eleemosynary, must be predicated on good faith; the acreage set aside or reserved for future use must not be disproportionate in extent to the population of the community to be served and the reasonable expectation of the service to be rendered. . . . It is held that the exemption of property of cemeteries does not apply to lands which is not even platted into burial lots, and in which there have been no burials. . ." (51 Am.Jur. 613 and 614, s. 646). [71 Am. Jur.2d 702, s. 390]. The exemption extends not only to those parcels of land actually used for burial plots and graves but extends to those intended for early future use. (84 C.J.S. 599, s. 292). The exemption would seem to extend not only to the burial plots and graves but also to lands and buildings required for the proper care, maintenance and upkeep of the cemetery. (84 C.J.S. 601, s. 292). (Emphasis supplied.) As to improvements used in such cemetery operations the rationale of the opinion last quoted would extend to "buildings required for the proper care, maintenance and upkeep of the cemetery." Your enumeration of storage for monuments "such as statues and crosses" could in my opinion be included within the class of items required for cemetery operation, subject to your consideration of any factual issues inherent in a determination of what is required for that purpose and subject to prevailing standards for cemetery operation as including decorative, in addition to utilitarian, properties. Other special classes of improvements are fully discussed in earlier opinions concluding generally that they are governed by exemption standards for cemetery lands when they are "not so disconnected from the functions of a cemetery as to be said to be a non-cemetery use or function [citing cases]." Attorney General Opinion 060-108. "The exemption accorded to cemetery lands may extend to all property used or held exclusively for the burial of the dead or for the care, maintenance or upkeep of such property, and ordinarily applies to a columbarium, a crematory, a mausoleum . . ." [(See) 84 C.J.S. 601, s. 292]. Attorney General Opinion 057-45. See also s. 559.32(3), F.S., defining "cemetery" to include such structures. With regard to nonprofit cemetery improvements used for promotional purposes, that activity might certainly be of such character and scope as to be beyond the community service standards for charitable exemption, supra, or other exemption limitations in Ch. 196, F.S. To the extent, however, that promotional activity serves informational purposes ordinarily incident to cemetery operation, I would conclude that such use may be considered either as an integral part of the cemetery function subject to the exemption standards applicable thereto, or as within the provision of s. 196.196, that: "In no event shall an incidental use of property . . . impair the exemption of an otherwise exempt property." The exemption of tangible personal property should be controlled by the principles above stated for the exemption of cemetery land and improvements in connection with which the personal property is used. Because the common definition of a commercial enterprise is that which is "made or done primarily for sale or profit" (Webster's New 20th Century Dictionary, Unabridged), I would conclude that property of a commercial cemetery would under all of the stated circumstances be taxable because of the express terms of s. 196.196(3), F.S., as follows: (3) . . . property claimed as exempt [for all purposes except governmental, and with certain exceptions not here
applicable] which is used for profit-making purposes shall be subject to ad valorem taxation. (Emphasis supplied.) Accord: Section 196.195(2), (3) and (4), F.S. The former exemption (s. 192.06(4), F.S. 1969), for "all burying grounds not owned or held . . . for speculative purposes," was apparently construed so that properties "held for burial use and not for speculation [were] clearly within the exemption." Attorney General Opinion 060-108, supra. The repeal of that language, and the absence of a specific and inclusive statutory exemption for burying grounds, clearly requires application of the strict nonprofit standards for exemption generally throughout Ch. 196. I recognize the problems presented by taxation of properties owned by a chartered commercial cemetery but actually in use for burial under lease or other contractual arrangement. Cf. AGO 054-143, supra. There is lacking, however, any judicial or statutory recognition of a clear public policy in this state proscribing taxation of such properties. In the single instance where special assessment liens on these properties were considered by a Florida court under the former statutes, the opinion expressly denies "the existence in Florida of a public policy which requires or permits the exemption of land owned by a cemetery corporation for profit from the force and effect" of those levies, but stated that the conclusion should not be construed "as applying to those lots already . . . in use as burial plots . . .," which the municipal lienor had conceded should not be subjected to the lien. In view of the numerous protections already accorded both private and public interests in burial sites (ss. 559.37-559.41, et seq.; s. 872.02; s. 822.13; s.689.13, F.S.), it is clear that there exists ample legislative authority for specific treatment of such property for purposes of tax assessment or collection. In the absence of legislative or judicial guidance, there appears to me to be no alternative to application of the provisions hereinabove cited to tax such properties when they serve a private or profit-making purpose.